UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JIMMIE BIERRIA | CIVIL ACTION NO. |
| VERSUS | SECTION " " |
| GENESIS ENERGY, LLC | MAGISTRATE |
| | *JURY TRIAL REQUESTED* |

**SEAMAN'S SUIT**

NOW INTO COURT, through undersigned counsel, comes JIMMIE BIERRIA, a person of the full age of majority and a resident of the State of Louisiana, who files this Complaint against GENESIS ENERGY, LLC for personal injury damages, and in support thereof would show unto the Court the following:

**I.**

Defendant, GENESIS ENERGY, LLC, is a Delaware limited liability company authorized to do and doing business within the jurisdiction of this Honorable Court, with its principal place of business located in Ruston, Louisiana.

**II.**

Plaintiff, JIMMIE BIERRIA, was at all times mentioned herein an employee of the defendant and a member of the crew of the M/V FRANK JAHN, a vessel owned, controlled,

and/or operated by the defendant, performing his duties as a seaman aboard said vessel, working in the interest of said defendant, which defendant is liable unto him under the admiralty law known as the Merchant Marine Act, modified and commonly known as the Jones Act, 46 U.S.C. § 30104, and the General Maritime Law of the United States, and he brings this suit pursuant to the "saving to suitors" clause of the United States Constitution and all applicable laws and ordinances of the United States of America and State of Louisiana. This action is filed without prepayment of costs pursuant to 28 U.S.C. § 1916.

### III.

On or about March 6, 2020, the M/V FRANK JAHN was operating upon the navigable waters of the Gulf of Mexico and engaged in commercial operations.

### IV.

On or about March 6, 2020, plaintiff was employed as a tankerman performing his duties as a seaman aboard the M/V FRANK JAHN and was severely injured in the course of his employment when, as he was descending a stairway of the vessel, the handrail, which was not securely attached, suddenly and without warning shifted, causing him to fall forward and down the flight of stairs, sustaining injuries to his head, neck, lower back, right knee, and other component parts of his body and mind.

### V.

The aforementioned injuries were proximately caused by the legal fault, negligence, carelessness and omission of duty on the part of defendant, GENESIS MARINE, LLC, and the unseaworthiness of the M/V FRANK JAHN, without any legal fault, negligence, carelessness, or omission of duty on the part of plaintiff causing, or in any way contributing thereto.

**VI.**

The legal fault, negligence, carelessness, and omission of duty on the part of defendants consist of the following non-exclusive acts and omissions:

1) In failing to properly equip, man, provision, maintain, repair, and operate the vessel under its control including the vessel's appurtenances and equipment, in particular the stairway handrail and component parts involved in the accident;

2) In failing to provide plaintiff with a safe and non-hazardous workplace;

3) In failing to operate the vessel in a safe manner;

4) In failing to use reasonable care;

5) In failing to see what should have been seen and if having seen, in failing to heed;

6) In failing to warn Plaintiff concerning conditions on the vessel which caused it to be unfit, unsafe, and unsuitable; and

7) In failing to adopt practices, policies and procedures designed specifically to prevent the injuries and damages sustained by Plaintiff.

**VII.**

That, in addition and/or in the alternative, to each and every allegation of legal fault, negligence, carelessness, or omission of duty on the part of defendant set out above, plaintiff pleads and is entitled to rely upon the doctrine of *res ipsa loquitur.*

**VIII.**

As a result of all acts and/or omissions and unseaworthiness set forth in this complaint, GENESIS ENERGY, LLC is liable unto plaintiff for all damages as are reasonable in the premises, which consist of, but are not limited to, the following:

a) Past, present and future physical pain, suffering and loss of function;

b) Past, present and future mental pain, anguish and suffering;

c) Past, present and future medical expenses which include, but are not limited to, rehabilitation costs, doctor bills, hospital bills, medical tests, pharmaceutical bills, laboratory examinations, physical examination costs, diagnostic studies, and prosthesis;

d) Past, present and future loss of wages including but not limited to loss of salary and fringe benefits;

e) Permanent disability to the musculature, ligaments and bones of the body and permanent scarring and disfigurement;

f) Past, present and future loss of enjoyment of life;

g) Costs of court;

h) Pre and post judgment interest; and

i) Any and all other damages to be shown at the trial of this matter.

## IX.

As a seaman, JIMMIE BIERRIA is entitled to maintenance and cure commencing March 6, 2020, and to continue until he has reached maximum medical cure. Plaintiff hereby demands the payment of any and all maintenance since the accident and any and all related medical bills. Prior to the date of his aforesaid injuries, your petitioner was an able-bodied man, capable of and actually engaged in manual labor, supporting himself and his dependents.

## X.

Despite being given abundant time to investigate and sufficient information from plaintiff that indicates he is entitled to maintenance and cure, defendant has arbitrarily and capriciously

denied maintenance and cure to your petitioner, and consequently is liable for additional compensatory damages, exemplary damages, attorney fees and court costs.

## XI.

Plaintiff requests a trial by jury.

**WHEREFORE**, JIMMIE BIERRIA prays that after due proceedings are had, there be judgment entered for plaintiff against defendant, GENESIS ENERGY, LLC, for all damages as are reasonable in the premises, and for maintenance and cure, additional compensatory and exemplary damages, and attorney fees, together with legal interest from the date of judicial demand until paid, all costs of these proceedings, for trial by jury, and for all general and equitable relief.

```
                                RESPECTFULLY SUBMITTED:
                                MORRIS BART, LLC
                                ATTORNEY FOR PLAINTIFF
                                601 POYDRAS STREET, 24TH FLOOR
                                NEW ORLEANS, LA  70130
                                TELEPHONE:  (504) 525-8000
                                FACSIMILE:  (504) 324-0738
                                E-MAIL:  sgulden@morrisbart.com




                           BY:   /s/ A. Spencer Gulden
                                A. SPENCER GULDEN, NO. LA23110
```

**PLEASE SERVE:**

**GENESIS ENERGY, LLC**
Through their agent for service of process:
CT Corporation System
3867 Plaza Tower Dr.
Baton Rouge, LA 70816