UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JIMMIE BIERRIA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 20-993** |
| **GENESIS ENERGY, LLC** | **SECTION: "S" (5)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendants' **Motion in Limine to Exclude Certain Testimony of Plaintiff's Expert Economist and Vocational Rehabilitation Specialist** (Rec. Doc. 14) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **Motion in Limine to Exclude Certain Expert Testimony of Defendants' Vocational Rehabilitation Specialist and Expert Economists** (Rec. Doc. 17) is **DENIED**.

BACKGROUND

Plaintiff, Jimmie Bierria, was working for defendant, Genesis Marine, LLC ("Genesis") as a tankerman trainee when he was injured aboard the M/V FRANK JAHN. The accident occurred when Bierria began descending a staircase and the handrail failed, separating from the wall and causing him to fall down the stairs. Bierria sustained injuries to his head, neck, lower back, and right knee. He has since undergone two surgeries to repair his right knee, as well as spinal injections to his neck and back. Bierriea's treating surgeon has recently recommended lumbar surgery.

At the time of his injury, Bierria had been employed as a tankerman trainee with Genesis

for approximately six months. In connection with his employment orientation, Genesis provided and reviewed with Bierria a company career ladder. The career ladder illustrates the requirements for advancement within Genesis, ultimately leading to a position of either tankerman, engineer, or pilot. Bierria had completed deckhand training and orientation, and was working toward promotion to Tankerman I up until the date of the accident. Bierria had previous automotive mechanic experience, and planned to work as a tankerman and progress toward becoming an engineer.

At the time of his injury, Birrea was earning $36,500/year as a tankerman trainee. He was just shy of the six-month point at which he could be considered for promotion to Tankerman I, earning $54,700/year according to the Genesis career ladder. Meeting his ultimate goal of engineer, with an estimated salary reflected in the career ladder as $82,700, required progressing through the Tankerman II position, estimated to pay $60,800/year.

In its present motion, Genesis has moved to exclude the testimony of plaintiff's vocational rehabilitation and economics expert, arguing that the testimony is speculative and unreliable. In his motion, plaintiff has moved to exclude defendants' vocational rehabilitation and economics experts, arguing that their testimony is based on erroneous assumptions regarding plaintiff's pre-accident earning capacity.

## DISCUSSION

In <u>Daubert v. Merrell Dow Pharm.</u>, 509 U.S. 579, 589 (1993), the Supreme Court of the United States held that Rule 702 requires the district court to act as a gatekeeper to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable." To

perform its gatekeeping function, the court must first determine whether the proffered expert testimony is reliable. The party offering the testimony bears the burden of establishing its reliability by a preponderance of the evidence. See Moore v. Ashland Chem. Inc., 151 F.3d 269, 276 (5th Cir. 1998). The reliability inquiry requires the court to assess whether the reasoning or methodology underlying the expert's testimony is valid. See Daubert, 509 U.S. at 592-93. The goal is to exclude expert testimony that is based merely on subjective belief or unsupported speculation. See id. at 590. However, "questions relating to the bases and sources of an expert's opinion[,] affect the weight to be assigned that opinion rather than its admissibility and should be left for the [fact-finder's] consideration." United States v. 14.38 Acres of Land, 80 F.3d 1074, 1077 (5th Cir. 1996).

1.  ***Genesis' Motion to Exclude Certain Testimony of Plaintiff's Expert Economist and Vocational Rehabilitation Specialist***

Genesis does not challenge plaintiff's experts' qualifications, but argues that plaintiff's expert's testimony is speculative, because the experts' opinions regarding loss of future earning rely on calculations premised upon plaintiff's being promoted through the ranks over his working life. Genesis argues that such advancement is uncertain and unsupported by the record. In so arguing, Genesis relies on a recent case from this district, Riha v. Offshore Serv. Vessels, LLC, 2021 WL 2805154 (E.D. La. July 6, 2021).

In Riha, the court excluded expert testimony that the plaintiff, a third mate, had a "fair to good" chance of eventually becoming a harbor pilot and ship's master. However, in Riha, the plaintiff had not taken any steps toward becoming a harbor pilot and ship's master, and the court

specifically found there was no evidence he would achieve those goals, or that his employer had encouraged him to do so. Id. at *6.

In contrast, Bierria was hired into a position that involved a clear career path, established by his employer, leading to promotions that could ultimately result in becoming an engineer. In addition, Bierria had previous automotive mechanic experience, and was actually working towards the next employment level at Genesis at the time of his accident. It is not unreasonable to assume that an individual hired specifically as a trainee would at a minimum progress into the position he was in training for, assuming his performance was satisfactory. Captain Craig McGhee, the captain on duty at the time of the accident, testified that while he had not worked extensively with Bierria, he had not received any negative reports about Bierria's work. Genesis employee and tankerman, Andrew Berry, testified that he personally had been promoted from trainee to tankerman with Genesis, and was eligible and working toward promotion to Tankerman II. While Captain McGhee testified that he had never seen any employee move from tankerman to engineer during his tenure, his deposition reflects that had worked at Genesis for only 2.5 years.

Thus, the record includes evidence to support plaintiff's experts' testimony, and it is not based merely on subjective belief or unsupported speculation. The bases for the testimony may be explored on cross-examination, and it will be the role of the fact-finder to resolve any factual questions implied in the testimony, and to determine what weight to accord it.

2.   *Plaintiff's Motion to Exclude Certain Testimony of Plaintiff's Expert Economist and Vocational Rehabilitation Specialist*

Plaintiff also seeks to exclude certain testimony of Genesis' experts, arguing that it is based on unreliable and erroneous assumptions, namely, the plaintiff's actual earnings history up until the date of the accident, without considering possible advancement over his work life. The record contains evidence upon which defendants' experts based their testimony, including the fact that this was plaintiff's first marine job, that he had not obtained any licenses, and that in his former employment as a mechanic, he had not received any major promotions. Thus, defendants' experts' testimony is not based solely on subjective belief or unsupported speculation. Plaintiff's objection is directed solely to the bases of the experts' opinions. As such, it affects the weight to be assigned that opinion rather than its admissibility, and should be left for the fact-finder's consideration. See 14.38 Acres of Land, 80 F.3d at 1077. The jury can hear from both parties' experts and resolve their conflicting opinions based upon the evidence, including, inter alia, plaintiff's actual employment and earnings history, plaintiff's testimony regarding his career plans, the Genesis employment ladder, and the testimony of other Genesis employees regarding their experience with and the likelihood of advancement.
Accordingly,

**IT IS HEREBY ORDERED** that defendants' **Motion in Limine to Exclude Certain Testimony of Plaintiff's Expert Economist and Vocational Rehabilitation Specialist** (Rec. Doc. 14) is **DENIED**;

**IT IS FURTHER ORDERED** that plaintiff's **Motion in Limine to Exclude Certain**

**Expert Testimony of Defendants' Vocational Rehabilitation Specialist and Expert Economists** (Rec. Doc. 17) is **DENIED**.

New Orleans, Louisiana, this 17th day of August, 2021.

                        **MARY ANN VIAL LEMMON**
                        **UNITED STATES DISTRICT JUDGE**